FILED
2017 Sep-15  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit "B"

DOCUMENT 2



ELECTRONICALLY FILED
4/24/2017 8:01 AM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **PAMELA D. JOWERS, an individual;** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | CV _____ |
| **ELLEN D. ANDERSON, an individual;** | ) | |
| **ROBERT C. ANDERSON, an individual;** | ) | |
| **STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| a corporation; "A", "B" and "C", whether | ) | |
| singular or plural, the person, firm, corporation, | ) | |
| partnership, LLC, or other entity owning | ) | |
| the vehicle which struck the motor vehicle | ) | |
| operated by the Plaintiff, on the occasion | ) | |
| made the basis of this suit; "D", "E" and "F", | ) | |
| whether singular or plural, the person, firm, | ) | |
| corporation, partnership, or other entity on | ) | |
| whose behalf the vehicle was being operated by | ) | |
| the Defendants, on the occasion made the | ) | |
| basis of this suit; "G", "H" and "I", being | ) | |
| the driver of the motor vehicle which struck | ) | |
| the motor vehicle operated by the Plaintiff, | ) | |
| on the occasion made the basis of this suit; | ) | |
| "J", "K" and "L", whether singular or plural, | ) | |
| being the person, firm, corporation, | ) | |
| partnership, or other entity which | ) | |
| insured the vehicle driven and/or owned by | ) | |
| Defendants, which struck the vehicle | ) | |
| operated by the Plaintiff on the occasion | ) | |
| made the basis of this lawsuit; | ) | |
| "M", "N" and "O", whether singular or plural, | ) | |
| that entity or those entities, that person or | ) | |
| those persons who or which had the duty to | ) | |
| supervise the person or persons who were in the | ) | |
| business of selling alcoholic beverages to the | ) | |
| public and to Defendants on the occasion made | ) | |
| the basis of this suit; "P", "Q" and "R", | ) | |
| whether singular or plural, the person, firm, | ) | |
| corporation, partnership, or other entity who is | ) | |
| the insurance carrier which provided | ) | |
| uninsured/underinsured motorist coverage | ) | |

on the vehicle Plaintiff operated on the            )
occasion made the basis of this suit;               )
and "S", "T" and "U" whether singular or            )
plural, being that entity d/b/a State Farm          )
 Mutual Automobile Insurance Company;               )
Plaintiff avers that the identity of the fictitious )
party Defendants is otherwise unknown to the        )
Plaintiff at this time, or if their names are       )
known to the Plaintiff, their identity as proper    )
party Defendants is not known to the Plaintiff      )
at this time, but their true names and identities   )
will be substituted by amendment when               )
ascertained.                                        )
                                                    )
      **Defendants.**                               )

## PLAINTIFF'S COMPLAINT

### FACTS

1.      Plaintiff, Pamela D. Jowers, is an individual over the age of nineteen (19) and a

resident of Jefferson County in the State of Alabama.

2.      Defendant, Ellen D. Anderson, is an individual over the age of nineteen (19) and a

resident of Cherokee County in the State of Georgia.

3.      Defendant, Robert C. Anderson, is an individual over the age of nineteen (19) and

a resident of Cherokee County in the State of Georgia.

4.      Defendant, State Farm Mutual Automobile Insurance Company, is a domestic

corporation doing business in the State of Alabama and had a policy of automobile insurance

issued to Paula D. Jowars, including Uninsured/Underinsured Motorist coverage under which

Pamela D. Jowers was an insured person at the time of the accident made the basis of this suit.

5.      Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm,

corporation, partnership, or other entity owning the vehicle which struck the vehicle the Plaintiff

was operating, on the occasion complained of in this lawsuit.

6.      Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the Defendant on the occasion made the basis of this lawsuit.

7.      Fictitious Defendants G, H, and I, is the driver of the motor vehicle which struck the vehicle the Plaintiff was operating on the occasion made the basis of this lawsuit.

8.      Fictitious Defendants J, K, and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by Defendants, which struck the vehicle the Plaintiff was operating on the occasion made the basis of this lawsuit.

9.      Fictitious Defendants M, N and O whether singular or plural, that entity or those entities, that person or those persons who or which had the duty to supervise the person or persons who were in business of selling alcoholic beverages to the public and to Defendants on the occasion made the basis of this suit.

10.      Fictitious Defendants P, Q, and R is the person, firm, corporation, partnership or other entity who is the insurance carrier which provided uninsured/underinsured motorist coverage on the vehicle the Plaintiff was operating on the occasion made the basis of this lawsuit.

11.      Fictitious Defendants S, T and U whether singular or plural, being that entity d/b/a State Farm Mutual Automobile Insurance Company.

12.      On or about the 11th day of May, 2015, Plaintiff Pamela D. Jowers was operating a vehicle on US-31 at the intersection of 4th Avenue South in Jefferson County, Alabama.

13.      Driver, Ellen D. Anderson, was operating a vehicle on US-31 at the intersection of 4th Avenue South in Jefferson County, Alabama, and Driver's vehicle collided with the

vehicle which Plaintiff Pamela D. Jowers operating.

      14.    As a proximate consequence of Driver and/or Defendant and/or fictitious defendants' negligence and wantonness, Plaintiff suffered significant and permanent physical injuries and disabilities as set forth below.

## COUNT ONE - NEGLIGENCE

15.    Plaintiff re-alleges paragraphs one (1) through fourteen (14) of the Complaint as if fully set forth herein.

16.    At the aforesaid time and place, the Driver and/or Defendants, and/or fictitious defendants, negligently caused or allowed the motor vehicle Ellen D. Anderson was then and operating to collide with the motor vehicle which Plaintiff Pamela D. Jowers was operating.

17.    As a proximate consequence of the negligence of the Driver and/or Defendants, and/or fictitious defendants, Plaintiffs were injured and damaged as follows:

    (a)    Pamela D. Jowers, suffered injury to her neck, back, and whole body;

    (b)    Plaintiff suffered pain and injury to various portions of her body;

    (c)    Plaintiff was knocked, shocked, bruised and contused over various portions of her body;

    (d)    Plaintiff was permanently injured and damaged;

    (e)    Plaintiff suffered great physical pain and mental anguish;

    (f)    Plaintiff was caused to incur expenses for treatment from various doctors, physicians, and hospitals;

    (g)    Plaintiff will continue to incur expenses for treatment from various doctors, physicians and hospitals;

    (h)    Plaintiff was caused to incur aggravation and or exacerbation to then exiting conditions that they either did or did not know of at the time of this wreck;

(i)     Plaintiff was caused to suffer lost wages; and

(j)     Plaintiff's vehicle was torn, twisted and diminished in value as a result
        of this accident.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Pamela D. Jowers demands

judgment against the Defendants Ellen D. Anderson, Robert C. Anderson, and State Farm

Mutual Automobile Insurance Company, and/or fictitious defendants, for general and

compensatory damages as well as special and punitive damages that the court may determine,

together with interest from the date of the injury plus the costs of this action.


## COUNT TWO - WANTONNESS

18. Plaintiff re-alleges paragraphs one (1) through seventeen (17) of this Complaint as if

fully set forth herein.

19. At the aforesaid time and place, the Driver and/or Defendants, and/or fictitious

defendants, wantonly caused or allowed the motor vehicle they were then and there operating to

collide with the motor vehicle which Plaintiff Pamela D. Jowers was operating.

20.     As a proximate consequence of the wantonness of the Driver and/or Defendants,

and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph

seventeen (17) above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the

Defendants, and/or fictitious defendants, for compensatory and punitive damages the court may

determine, together with interest from the date of the injury plus the costs of this action.


## COUNT THREE - UNINSURED/UNDERINSURED MOTORIST COVERAGE

21.     Plaintiff re-alleges paragraphs one (1) through twenty (20) of this Complaint as if

set fully set forth herein.

22.     At all times material hereto, the Defendant, State Farm Mutual Automobile Insurance Company, had one or more policies of insurance in force insuring Plaintiff for injuries and/or damages caused by an uninsured and/or underinsured motorist.

23.     The aforementioned insurance policy inured to the benefit of the Plaintiff, for bodily injuries caused by an uninsured and/or underinsured motorist.

24.     All premiums had been paid and the policy was up-to-date on the occasion made the basis of this suit.

25.     Plaintiffs aver that Ellen D. Anderson, and/or fictitiously designated Defendants qualify as an uninsured/underinsured motorist under the provisions of the aforementioned insurance policy and by the laws of the State of Alabama.

26.     The injuries and damages complained of herein are of such nature that they should be covered by the aforementioned insurance policy issued by the Defendant, State Farm Mutual Automobile Insurance Company.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action. Plaintiffs also request any medical payments coverage available.

## COUNT FOUR – NEGLIGENT ENTRUSTMENT

27.     Plaintiff re-alleges paragraphs one (1) through twenty-six (26) of this Complaint as if fully set forth herein.

28.     Plaintiff avers and alleges that Defendant Robert C. Anderson negligently entrusted a motor vehicle, a 2012 Toyota Rav4, Georgia License Tag PXJ9362, to Defendant Ellen D.

Anderson, whom Defendant, Robert C. Anderson, should have known, or could have known, with the exercise of reasonable care, was an incompetent driver and not fit to operate such a vehicle.

31.     As a proximate consequence of Defendant Robert C. Anderson's negligent entrustment, Plaintiff was injured and damaged as set forth in paragraph seventeen (17) above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, and/or fictitious defendants, for general, compensatory, speculative, special, and punitive damages that a court may determine, together with interest from the date of the injury plus the costs of this action.


Respectfully Submitted,


/s/ Rosemary N. Alexander
**ROSEMARY N. ALEXANDER
(ALE044)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile


**Plaintiff's Address:**

Pamela D. Jowers
c/o Rosemary N. Alexander
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

State Farm Mutual Automobile Insurance Company
CSC- Lawyers Incorporating Service, Inc.

DOCUMENT 2

150 South Perry Street
Montgomery, Alabama 36104

**SERVE DEFENDANTS BY PROCESS SERVER:**

Ellen D. Anderson
401 Amber Lane
Woodstock, Georgia 30189

Robert C. Anderson
401 Amber Lane
Woodstock, Georgia 30189

DOCUMENT 2

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **PAMELA D. JOWERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV-** |
| | ) | |
| **ELLEN D. ANDERSON., et. al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT, ELLEN D. ANDERSON

COME NOW Plaintiff, and, in accordance with Rule 36 of the Alabama Rules of Civil Procedure, requests Defendant, Ellen D. Anderson, to admit or deny the truthfulness of the following statements, factual opinions, applications of law, and/or the genuineness of any described document.

1.   Admit or deny that jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

**RESPONSE:**

2.   Admit or deny that your negligence caused the accident made the basis of this lawsuit.

**RESPONSE:**

3.   Admit or deny that your wantonness proximately caused the motor vehicle collision made the basis of this lawsuit.

**RESPONSE:**

4.    Admit or deny that Plaintiff did nothing to proximately cause and/or contribute to the accident made the basis of this lawsuit.

**RESPONSE:**

5.   Admit or deny that at the time of the accident made the basis of this lawsuit, your vehicle did not suffer from any mechanical defect or failure which proximately contributed to the accident.

DOCUMENT 2

**RESPONSE:**

6.      Admit or deny that your vision of the vehicle occupied by Plaintiff was not obscured or blocked by anything at the time of the accident made the basis of this lawsuit.

**RESPONSE:**

7.      Admit or deny that no road defects proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**

8.      Admit or deny that no foreign objects or material in the roadway proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**

9.      Admit or deny that the accident made the basis of this lawsuit occurred on May 11, 2015.

**RESPONSE:**

10.     Admit or deny that just prior to the accident made the basis of this lawsuit you were:

      A.      Talking on a cellular phone;

      B.      Listening to the radio/stereo in your vehicle;

      C.      Eating or drinking;

      D.      Smoking a cigarette.

**RESPONSE:**

11.     Admit or deny that you were intoxicated.

**RESPONSE:**

12.     Admit that the attached records are true and accurate copies of the treatment records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services related to the

treatment provided to Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries.

**RESPONSE:**

13.      Admit that the attached records are authentic copies of the medical records from of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services related to the treatment provided to the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries.

**RESPONSE:**

14.      Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries are in the ordinary course of its business as a medical provider/physician's office.

**RESPONSE:**

15.      Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were made at or near the time of the office visit or other events described in each record.

**RESPONSE:**

16.      Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were prepared by and from information transmitted by a person with knowledge of the information contained in the records.

**RESPONSE:**

17.     Admit that the attached medical records for Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers due to his May 11, 2015 injuries were prepared by a person whose duty it was to prepare such records as part of the care and treatment of the plaintiff.

**RESPONSE:**

18.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were kept in the course of its regularly conducted business as a medical provider/physician's office.

**RESPONSE:**

19.     Admit that it was the regular business practice of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services to prepare such records regarding the patients, including the Plaintiff Pamela D. Jowers.

**RESPONSE:**

20.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers are not hearsay.

**RESPONSE:**

21.     Admit that these records of Trinity Medical Center (Main, ER Physicians, Radiology),

Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services constitute "Records of Regularly Conducted Activity" under the rules of evidence.

**RESPONSE:**

22.    Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers are admissible in evidence

**RESPONSE:**

23.    Admit that the attached billing records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services was reasonable and necessary for the treatment of the Plaintiff Pamela D. Jowers for injuries sustained on May 11, 2015.

**RESPONSE:**

24.    That the attached billing record of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services is admissible.

(Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. )

/s/ROSEMARY N. ALEXANDER
**ROSEMARY N. ALEXANDER (ALE044)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

DOCUMENT 2

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **PAMELA D. JOWERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV-** |
| | ) | |
| **ELLEN D. ANDERSON., et. al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT,**</u>
<u>**ELLEN D. ANDERSON**</u>

COMES NOW Plaintiff in the above-styled cause and asks that Defendant, Ellen D. Anderson, respond to the following requests for production within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff asks that Defendant attach a copy of each and every document referred to in any of the requests for production or in Defendant's response thereto or that Defendant states the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

<u>NOTE A</u>:  These requests for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

<u>**REQUESTS FOR PRODUCTION**</u>

1.      Produce a copy of your driver's license.

<u>**RESPONSE:**</u>

2.      Produce copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the automobile involved in said occurrence.

**RESPONSE:**

3.      Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

**RESPONSE:**

4.      Produce a list of any and all lawsuits (past or present) against this Defendant claiming injury, death or damage due to an automobile accident.  This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE:**

5.      Produce a list of all witnesses to be called at the trial of this case.

**RESPONSE:**

6.      Produce a list of all exhibits to be used at the trial of this case.

**RESPONSE:**

7.      Produce a list of all expert witnesses to be called at the trial of this case.

**RESPONSE:**

8.      Produce copies of any and all résumés or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case.

**RESPONSE:**

9.      Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff

or any member of Plaintiff's family at any time.

**RESPONSE:**

10.     Produce a copy of any and all statements, whether recorded or written, taken of any witness

and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**RESPONSE:**

11.     Produce copies of medical records and bills incurred by you in the incident made the basis of

this lawsuit.

**RESPONSE:**

12.     Produce a copy of your driving history, including, but not limited to, each and every citation

you have received for the last five (5) years.

**RESPONSE:**

13.     Produce a copy of your insurance policy(s) for coverage on your motor vehicle at the time of

the occurrence made the basis of this lawsuit, including the limits of liability.

**RESPONSE:**

14.     Produce a copy of each and every accident report filled out where you have been involved in

an automobile accident for the last five (5) years.

**RESPONSE:**

15.     Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other

reproductions of any kind in the possession of the defendants of any person, scene, or

vehicle relating to the occurrence made the basis of this lawsuit.

**RESPONSE:**

/s/ROSEMARY N. ALEXANDER
**ROSEMARY N. ALEXANDER (ALE044)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

DOCUMENT 2

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

PAMELA D. JOWERS                    )
                                    )
    Plaintiff,                  )
                                    )
vs.                                 )          CV-
                                    )
ELLEN D. ANDERSON., et. al.         )
                                    )
                                    )
    Defendants.                )

## PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT, ELLEN D. ANDERSON

COME NOW Plaintiffs in the above-styled cause, by and through undersigned counsel, and requests Defendant, Ellen D. Anderson, respond to Plaintiff's First Interrogatories as follows:

### DEFINITIONS

1.   "Defendant", "You" or "Your" as used in this request, the terms you and your or defendant, refers to the named Defendant, Ellen D. Anderson, his/her attorney(s), insurer(s), or anyone acting on his/her behalf, his/her attorney(s) behalf, and/or his/her insurer(s) behalf.

2.   "Document." If used below, "document" means any original written, typewritten, handwritten, printed or recorded material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, correspondence, memoranda, business records, diaries, calendars, address and telephone records, photographs, tape recordings, financial statements and records, promotional materials, examinations, and reports of examinations.  IF SAID DOCUMENT IS TWO-SIDED, PRODUCE A COPY OF THE DOCUMENT, BOTH FRONT AND BACK.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

# INTERROGATORIES

1.      State your correct name, home telephone number, age, date of birth, Social Security number, residence address and employer.

**ANSWER:**

2.      State on whose behalf or business you were acting at the time the collision made the basis of this lawsuit occurred and the purpose of the trip being made.

**ANSWER:**

3.      State the approximate number of times you had operated a motor vehicle along the area where the collision made the basis of this lawsuit occurred.

**ANSWER:**

4.      If the vehicle you were operating when the collision made the basis of this suit occurred had any defective parts or equipment at that time, identify the parts or equipment and describe each defective part or piece of equipment specifically and in detail.

**ANSWER:**

5.      State the year, make, model, VIN number and owners(s) of the vehicle you were operating when the collision made the basis of this lawsuit occurred.

**ANSWER:**

6.      Give the full name and present address of each and every person who was present when the collision made the basis of this suit occurred.

**ANSWER:**

7.      Give the full name and present address of each and every person you intend to call as a witness in the trial of this case.

**ANSWER:**

8.      State the name and address of each and every expert witness that you expect to call as an expert witness at the trial of this case, and state the subject matter on which said expert(s) is

expected to testify. This should include the subject, the substance of the facts and opinions to which each expert is expected to testify, the opinions to which each and every expert is expected to testify, and a summary of the grounds of such opinions held by each and every expert. If you have given a written or recorded statement to any individual concerning the collision made the basis of this suit, state to whom and when said statement was given, the name and address of the person who has possession, custody, and control of said document, and the reason(s) why said statement(s) was/were given.

**ANSWER:**

9.      State any and all insurance carriers or providers with whom you had and/or have insurance coverage that was in force and effect when the collision made the basis of this lawsuit occurred; state the applicable policy numbers, nature of coverages and policy limits.

**ANSWER:**

10.      State whether you or anyone to your knowledge has secured, obtained, or has any knowledge of any signed or unsigned statement or account, whether written, recorded, or oral, made by any person, including the parties, who claims to have any knowledge whatsoever pertaining in any way to the occurrence referred to in the complaint. If so, state separately the names, addresses, and telephone numbers of the persons who made such statement or account and said person's relationship to this defendant. NOTE: This interrogatory does not seek production of the statements themselves but seeks identity of those persons giving such statements.

**ANSWER:**

11.      Did you have a job on the date of the collision made the basis of Plaintiff's Complaint? If so, then state:

(a)      The name, address and telephone number of that employer;

(b)      The name of your immediate superior at the time of the collision; and,

(c)      The name or names of those individuals that interviewed and/or hired you to work for said employer listed above in subpart (a).

**ANSWER:**

12.     Did you make any statement in the presence of anyone that arrived on the scene, or to the operator of the other vehicle(s) involved in the collision following the occurrence of the same?  If so, state:

>   (a)     When, where and what was said by you;

>   (b)     The name and address of each person present when such statement or statements were made;

>   (c)     Did you talk to the police officer who investigated said collision?  If so, state in detail what was said by you.

**ANSWER:**

13.     State the name, address and telephone number of each and every person (including yourself) who, to your knowledge, information or belief has some knowledge, or purports to have information regarding any matter which is relevant to the subject matter involved in this action.

**ANSWER:**

14.     State the names and address of all doctors, if any, who have examined or treated you for injuries you sustained in the collision made the basis of this Complaint; and:

>   (a)     State your best judgment of the date you were first treated by each of said doctor(s), and;

>   (b)     For which of said injuries are you still under the care of a doctor?

**ANSWER:**

15.     List all moving violations for which you have been cited in the past 10 years giving the date(s), type of citation(s) and the disposition of same.

**ANSWER:**

16.     State if you have ever had your driver's license suspended or revoked for any reason and list the date(s), location(s) and reason(s) for each suspension or revocation.

**ANSWER:**

17.     Other than the collision referenced in the Complaint, have ever been involved in any other automobile collisions and/or incidents giving rise to a claim for personal injury, then state the following:

        (a)     The date of the collision or incident;

        (b)     The amount of medical expenses, lost wages or other losses you incurred as a result of the referenced incident;

        (c)     The provider of any services or treatment in connection therewith;

        (d)     Any civil or criminal litigation which resulted from the incident; and,

        (e)     Your injury or injuries in each incident.

**ANSWER:**

18.     Have you ever made a claim or filed suit against any person, firm or corporation prior or subsequent to the date of the collision made the basis of this suit?  If so, state when, where, and against whom you made said claim or filed said suit and the Court in which it was filed, including bankruptcy and workers' compensation.

**ANSWER:**

19.     Have you ever been arrested, convicted, entered nolo contendere or pled guilty of any crime?  If so, state full details for each such crime, including the crime of which you were convicted, the date of such conviction and the Court of such conviction and address.

**ANSWER:**

20.     State the name and address of any potential party to this lawsuit, not already a party hereto.

**ANSWER:**

21.     Were you taking and/or prescribed any prescription medications on, before, or at

the time this collision made the basis of this lawsuit occurred?  If so, please list said prescription medications, the doctors that prescribed said medications, and the pharmacy or pharmacies at which you had such prescriptions filled.

**ANSWER:**

22.    Did you consume any prescription medications at any time during the 48 hours preceding the collision made the basis of this lawsuit?

**ANSWER:**

23.    Did you consume any alcoholic beverage(s) at any time during the 48 hours preceding the collision made the basis of this lawsuit?  If so, explain in detail the type and amount of alcohol consumed, location and times of such alcohol consumption, and all persons that were present at such times.

**ANSWER:**

24.    If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated or drinking intoxicating beverages at the time of said collision or within 24 hours prior thereto, list the name and address of each and every entity where each occupant had purchased, consumed and/or ingested said intoxicating beverages.

**ANSWER:**

25.    Did you own, lease or otherwise possess a cell phone, digital phone and/or CB radio on the date that the collision made the basis of this lawsuit occurred?  If so, please state the following:

(a)    The name or names of all cell phone, digital phone and/or CB radio **providers**, including service providers that you utilized at said time(s);

(b)    All cell phone, digital phone and/or CB radio **numbers** for any and all phones that you owned, leased and/or otherwise possessed at said time(s); and,

(c)  The phone number, service provider and owner of the cell or digital phone and/or CB radio that you possessed at the time the collision made the basis of this lawsuit occurred.

(d)  Whether you were using the cell phone, digital radio, and/or CB radio just prior to when the collision made the basis of the lawsuit occurred.

**ANSWER:**

26.  State any and all mental and/or physical infirmities, injuries, illnesses or impairments that you suffered from during the period of one year preceding the collision made the basis of this lawsuit occurred and all doctors and/or medical providers you see or have seen for the treatment of each. This includes but is not limited to any and all eye and/or vision problems.

**ANSWER:**

27.  State how you left the scene of the collision made the basis of this lawsuit, including the following:

(a)  Who picked you up from the scene of the collision?

(b)  How you contacted or otherwise notified such person or persons about the collision; and,

(c)  Where you were taken to immediately following the collision.

**ANSWER:**

28.  State how the collision made the basis of this lawsuit occurred.

**ANSWER:**

29.  State where you had been just prior to the collision made the basis of this lawsuit occurred.

**ANSWER:**

30.  If you object to the production of any document called for by Plaintiff contemporaneously filed and served Request for Production of Documents on the basis of any claimed privilege, please state the following with respect to each such document:

(a)  The author of the document;

    (b)    The author's title or position;

    (c)    The date of such document;

    (d)    The person or persons to whom such document was sent;

    (e)    The title or position of the person or persons to whom such document was sent;

    (f)    The type of document (i.e., internal memorandum, electronic mail message, attorney-client correspondence, legal opinion memorandum, etc.);

    (g)    Whether such document contains any reference to either of the Defendants in this action; and,

    (h)    The specific reason or reasons which you claim entitles such document to protection from discovery.

**ANSWER:**

/s/ROSEMARY N. ALEXANDER
**ROSEMARY N. ALEXANDER (ALE044)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| PAMELA D. JOWERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV- |
| | ) | |
| ELLEN D. ANDERSON., et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S REQUEST FOR COPIES OF ALL
### MATERIALS RECEIVED PURSUANT TO SUBPOENA

COME NOW Plaintiff in accordance with Rule 34 of the *Alabama Rules of Civil Procedure*, and hereby serves the following Request for Copies of Materials Received Pursuant to Subpoena to the Defendant.

1.    Plaintiffs hereby request copies of ***all*** materials received by the Defendants pursuant to subpoena. The materials requested include, but are not limited to, the following:

      A.    Plaintiff's medical records;

      B.    Plaintiff's cell phone records;

      C.    Plaintiff's Driving Abstract from the Alabama Department of Public Safety;

      D.    Plaintiff's health insurance records, including all subrogation notices.

      E.    All other material obtained pursuant to any subpoena issued by the Defendants.

2.    Plaintiff agrees to pay the reasonable costs associated with copying materials responsive to this request.

<u>/s/ROSEMARY N. ALEXANDER</u>
**ROSEMARY N. ALEXANDER (ALE044)**

**<u>OF COUNSEL:</u>**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

DOCUMENT 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

PAMELA D. JOWERS                             )
                                             )
     Plaintiff,                          )
                                             )
vs.                                          )          CV-
                                             )
ELLEN D. ANDERSON., et. al.                  )
                                             )
                                             )
     Defendants.                         )

### NOTICE OF TAKING DEPOSITION

    Come Now, the Plaintiff, by and through counsel, and pursuant to the Alabama Rules of Civil Procedure, that at the time, date and place indicated below will take the deposition upon oral examination of **ELLEN D. ANDERSON** in this action and will continue from time to time until completed, at which time and place you are notified to appear and take such part in the examination as shall be fit and proper.

        **DEPONENT:**     **ELLEN D. ANDERSON**

        **DATE:**          **AUGUST 1, 2017**

        **TIME:**          **10:00 AM**

        **PLACE:**        **SHUNNARAH INJURY ATTORNEYS**
                                 **2900 1st AVENUE SOUTH**
                                 **BIRMINGHAM 35233**

                                 /s/ROSEMARY N. ALEXANDER
                                **ROSEMARY N. ALEXANDER (ALE044)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **PAMELA D. JOWERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV-** |
| | ) | |
| **ELLEN D. ANDERSON., et. al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF TAKING DEPOSITION

Come Now, the Plaintiff, by and through counsel, and pursuant to the Alabama Rules of Civil Procedure, that at the time, date and place indicated below will take the deposition upon oral examination of **ROBERT C. ANDERSON** in this action and will continue from time to time until completed, at which time and place you are notified to appear and take such part in the examination as shall be fit and proper.

| | |
|---|---|
| **DEPONENT:** | **ROBERT C. ANDERSON** |
| **DATE:** | **AUGUST 1, 2017** |
| **TIME:** | **11:00 AM OR IMMEDIATELY FOLLOWING THE DEPOSITION OF ELLEN D. ANDERSON** |
| **PLACE:** | **SHUNNARAH INJURY ATTORNEYS 2900 1ˢᵗ AVENUE SOUTH BIRMINGHAM 35233** |

/s/ROSEMARY N. ALEXANDER
**ROSEMARY N. ALEXANDER (ALE044)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

DOCUMENT 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

PAMELA D. JOWERS                        )
                                        )
      Plaintiff,                        )
                                        )
vs.                                     )          CV-
                                        )
ELLEN D. ANDERSON., et. al.             )
                                        )
                                        )
      Defendants.                       )

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT,
### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY COMPAMY

COMES NOW Plaintiffs and hereby propound the following Requests for Admissions to Defendant, State Farm Mutual Automobile Insurance Company. Said Requests for Admissions are to be answered separately and severally in the manner and form provided for by law by each and every Defendant, their officers, attorneys, agents, contractors, board members, city council members, and employees having any information or Documents which are available to Defendants and which may assist Defendants in answering these Requests for Admissions. Said Requests for Admissions are to be answered separately and severally in the manner and form provided by law.

Answers to said Requests for Admissions shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplemental answers if further or different information or Documents relative thereto becomes known before trial.

### DEFINITIONS

A.     As used herein, the definition for the term "Document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or

process, or written or produced by hand: agreements; contracts; communications; electronic communications; correspondence; e-mail transmissions; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; minutes of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; video tapes; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.      As used herein, the term "you" or "Defendant" means State Farm General Insurance Company in this action and the officers, attorneys, agents, independent contractors and employees of said Defendant having information available to the Defendant.

C.      The term "Defendant" refers to all of Defendants collectively named and named as fictitious party Defendants in this claim.

## REQUESTS FOR ADMISSION

1.      Admit that tortfeasor was an uninsured/underinsured motorist as defined by the policy which insured the vehicle in which Plaintiff Pamela D. Jowers was operating on the occasion that made the basis of this suit.

**RESPONSE:**

2.      Admit all premiums had been paid on the policy which insured the vehicle in which Plaintiff Pamela D. Jowers was operating on the occasion that made the basis of this suit.

**RESPONSE:**

3.      Admit that the owner had complied with all of the provisions in the policy issued by State Farm Mutual Automobile Insurance Company on the motor vehicle Plaintiff Pamela D. Jowers

was operating in on the occasion that made the basis of this suit.

**RESPONSE:**

4.      Admit that the attached records are true and accurate copies of the treatment records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services related to the treatment provided to Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries.

**RESPONSE:**

5.      Admit that the attached records are authentic copies of the medical records from of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services related to the treatment provided to the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries.

**RESPONSE:**

6.      Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries are in the ordinary course of its business as a medical provider/physician's office.

**RESPONSE:**

7.      Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were made at or near the time of the office visit or other events described in each record.

**RESPONSE:**

8.      Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians,

Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were prepared by and from information transmitted by a person with knowledge of the information contained in the records.

**RESPONSE:**

9.     Admit that the attached medical records for Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were prepared by a person whose duty it was to prepare such records as part of the care and treatment of the plaintiff.

**RESPONSE:**

10.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were kept in the course of its regularly conducted business as a medical provider/physician's office.

**RESPONSE:**

11.     Admit that it was the regular business practice of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services to prepare such records regarding the patients, including the Plaintiff Pamela D. Jowers.

**RESPONSE:**

12.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians,

Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers are not hearsay.

**RESPONSE:**

13.    Admit that these records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services constitute "Records of Regularly Conducted Activity" under the rules of evidence.

**RESPONSE:**

14.    Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers are admissible in evidence

**RESPONSE:**

15.    Admit that the attached billing records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services was reasonable and necessary for the treatment of the Plaintiff Pamela D. Jowers for injuries sustained on May 11, 2015.

**RESPONSE:**

16.    That the attached billing record of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services is admissible.

s/ ROSEMARY N. ALEXANDER
Rosemary N. Alexander (ALE044)
Attorney for Plaintiff


**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **PAMELA D. JOWERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV-** |
| | ) | |
| **ELLEN D. ANDERSON., et. al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO
## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW Plaintiff, in the above-styled cause, by and through undersigned counsel, and requests Defendant State Farm Mutual Automobile Insurance Company respond to Plaintiff's First Request for Production as follows:

### DEFINITIONS

1.    "Defendant", "You" or "Your" as used in this request, the terms you and your or defendant, refers to the named Defendant State Farm Mutual Automobile Insurance Company Company their attorney(s), insurer(s), or anyone acting on their behalf, their attorney(s) behalf, and/or their insurer(s) behalf.

2.    "Document." If used below, "document" means any original written, typewritten, handwritten, printed or recorded material, as well as all tapes, discs, non-duplicate copies and transcripts thereof, now or at any time in your possession, custody or control; and, without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, correspondence, memoranda, business records, diaries, calendars, address and telephone records, photographs, tape recordings, financial statements and records, promotional materials, examinations, and reports of examinations.  IF SAID DOCUMENT IS TWO-SIDED, PRODUCE A COPY OF THE DOCUMENT, BOTH FRONT AND BACK.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

## REQUEST FOR PRODUCTION

1.    All photographs in the possession of this defendant whether taken by this defendant or any other person or agency of the property or personal injuries made the basis of the claim surrounding the incident involved in this lawsuit.

**RESPONSE:**

2.    Copies of the insurance policy issued by this Defendant which insured the vehicle in which Plaintiff was operating on the occasion made the basis of this lawsuit.

**RESPONSE:**

3.    Copies of the declarations page issued by this Defendant insuring the vehicle in which Plaintiff was operating on the occasion made the basis of this lawsuit.

**RESPONSE:**

s/ ROSEMARY N. ALEXANDER
Rosemary N. Alexander (ALE044)
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| PAMELA D. JOWERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV- |
| | ) | |
| ELLEN D. ANDERSON., et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**COME NOW** Plaintiffs, by and through their attorney of record, and pursuant to the Alabama Rules of Civil Procedure, propound the following interrogatories to the Defendant, State Farm Mutual Automobile Insurance Company.

1. State the name, address and job title of each of the persons answering these Interrogatories.

   **RESPONSE:**


2. Is Defendant's name correctly stated in the Complaint on file in this cause? If not, state the correct way this Defendant should be designated as a party Defendant in an action of law:

   (a) At the time of the occurrence made the basis of this litigation; and

   (b) At the time these interrogatories are answered.

   (c) Whether service based on improper name of Defendant is being raised.

   **RESPONSE:**

3.  State whether or not this Defendant issued a policy of automobile liability insurance, including uninsured/underinsured motorist coverage, to the Plaintiff on the occasion made the basis of this litigation, if so:

    (a)  State whether such policy was in force and effect at the time of the occurrence made the basis of this litigation; and

    (b)  State whether you had proper notice and information regarding the occurrence made the basis of this litigation.

    **RESPONSE:**

4.  State whether or not you have determined that the motor vehicles involved in the occurrence made the basis of this litigation were uninsured/underinsured vehicles under the term of your uninsured/underinsured motorist policy issued to Plaintiff. If not:

    (a)  State your legal reason for not making such determination;

    (b)  State your factual reason for not making such determination.

    **RESPONSE:**

5.  State whether or not Plaintiff has complied with all of the rules and requirements of said policy with regard to making a claim under the uninsured/underinsured motorist provisions of said policy. If not, state specifically what sales and requirements were not met.

    **RESPONSE:**

6.  State in detail your reasons for not paying said claim under the uninsured/underinsured
    motorist provisions of said policy.

    **RESPONSE:**

7.  State whether or not the policy of insurance issued to Plaintiff on the occasion made
    the basis of this litigation, in its definition of "all damages", including punitive or
    exemplary damages up to the limits of said policy. If so, then state your opinion as to
    whether or not the plaintiff would be entitled to punitive or exemplary damages in any
    claim as a result of the occurrence made the basis of this litigation.

    **RESPONSE:**

8.  State the names and addresses of all persons known to you, your agents, employees
    and/or attorneys who have knowledge of the facts involved in the occurrence made the
    basis of this litigation.

    **RESPONSE:**

9.  Was an investigation or report made by or for this Defendant of or pertaining to the
    occurrence made the basis of this lawsuit? If so, as to each such investigation or report,
    state:

    (a) The nature thereof;

    (b) The date it was made;

    (c) The name, address and job title of the person who has possession or control of any
        documents relating in any manner to such investigation or report.

**RESPONSE:**

10. As to your first knowledge of the occurrence made the basis of this litigation and Plaintiff's claim, state:

    (a) By whom were you informed;

    (b) Produce and attach to your answers and responses to this discovery a copy of each report or document referred to in your answer to this interrogatory.

**RESPONSE:**

11. With regard to the policy of insurance issued to Plaintiff by this Defendant on or before the date of the occurrence made the basis of this litigation, state:

    (a) The policy number;

    (b) The effective dates of coverage;

    (c) The name, address and job title of the employee or agent ot this defendant who issued or wrote the policy'

    (d) The scope and amount of coverage;

    (e) Produce and attach to your answers and responses to this discovery a copy of such policy of insurance.

**RESPONSE:**

12. Subsequent to the issuance of the original policy referred to in your answer to the preceding interrogatory, was the original policy amended, changed or otherwise modified?

(a)  The substance thereof;

(b)  The effective date;

(c)  The date the insured first became aware of such change.

**RESPONSE:**


13.  Subsequent to the issuance of the original policy, was the policy renewed? If so, then

state:

(a)  The date of each renewal;

(b)  The authority under which it is renewed.

**RESPONSE:**


14.  State specifically and in detail every reason why this Defendant has refused to pay

Plaintiff's claims under the policy of insurance issued by Defendant to the Plaintiff.

**RESPONSE:**


15.  Produce and attach to your answers and responses to this discovery, copies of the

following:

(a)  Each policy of insurance issued by this Defendant to the Plaintiff prior to date of

the incident made the basis of this litigation;

(b)  Each notice, claim, statement or other writing which relate4s in any manner to

Plaintiff's claim for personal injuries and medical expenses and property damages.

**RESPONSE:**

16. State the name, age, address and job title of each and every person from whom or which information was obtained to answer or prepare said interrogatories.

**RESPONSE:**

17. If any documents were used to prepare said answers to these interrogatories or from which any information was gained to prepare said interrogatories, attach a true and correct copy of each document to your answers.

**RESPONSE:**

18. Give the name, age, address and job title of the individual of individuals who signed the answers to these interrogatories for Defendant.

**RESPONSE:**

19. Are you advised that these answers are given under oath?

**RESPONSE:**

20. State the name and address of each and every person who was present when you answered these interrogatories.

**RESPONSE:**

/s/Rosemary N. Alexander
ROSEMARY N. ALEXANDER (ALE044)
Attorney for the Plaintiff

OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.

3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000

DOCUMENT 2

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

PAMELA D. JOWERS          )
                                   )
      Plaintiff,            )
                                   )
vs.                           )    CV-
                                   )
ELLEN D. ANDERSON., et. al.    )
                                   )
                                   )
      Defendants.        )

**PLAINTIFFS REQUEST FOR ADMISSIONS
TO DEFENDANT, ROBERT C. ANDERSON**

COMES NOW Plaintiff, and, in accordance with Rule 36 of the Alabama Rules of Civil Procedure, requests Defendant, Robert C. Anderson, to admit or deny the truthfulness of the following statements, factual opinions, applications of law, and/or the genuineness of any described document.

1.    Admit or deny that jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

**RESPONSE:**

2.    Admit or deny that your negligence caused the accident made the basis of this lawsuit.

**RESPONSE:**

3.    Admit or deny that your wantonness proximately caused the motor vehicle collision made the basis of this lawsuit.

**RESPONSE:**

4.    Admit or deny that Plaintiff did nothing to proximately cause and/or contribute to the accident made the basis of this lawsuit.

**RESPONSE:**

5.    Admit or deny that at the time of the accident made the basis of this lawsuit, your vehicle did not suffer from any mechanical defect or failure which proximately contributed to the accident.

**RESPONSE:**

6.    Admit or deny that no road defects proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**

7.    Admit or deny that no foreign objects or material in the roadway proximately caused or contributed to the accident made the basis of this lawsuit.

**RESPONSE:**

8.    Admit or deny that the accident made the basis of this lawsuit occurred on May 11, 2015.

**RESPONSE:**

9.    Admit or deny that just prior to the accident made the basis of this lawsuit you were:

    A.    Talking on a cellular phone;

    B.    Listening to the radio/stereo in your vehicle;

    C.    Eating or drinking;

    D.    Smoking a cigarette.

**RESPONSE:**

10.    Admit or deny that you, or anyone acting on your behalf in this matter, ever suggested or recommended a healthcare provider for Plaintiff to see for the injuries they suffered in the motor vehicle collision made the basis of this lawsuit.

**RESPONSE:**

11.    Admit or deny that prior to the accident made the basis of this lawsuit, you knew or were aware that a motor vehicle accident would likely or probably occur if a driver operating a vehicle on a public road way failed to keep a proper lookout for vehicles ahead of him or her that were lawfully stopped.

**RESPONSE:**

12.    Admit that the attached records are true and accurate copies of the treatment records of

Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical

Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services related to the treatment provided to Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries.

**RESPONSE:**

13.    Admit that the attached records are authentic copies of the medical records from of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services related to the treatment provided to the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries.

**RESPONSE:**

14.    Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries are in the ordinary course of its business as a medical provider/physician's office.

**RESPONSE:**

15.    Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were made at or near the time of the office visit or other events described in each record.

**RESPONSE:**

16.    Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were prepared by and from information transmitted by a person with knowledge of the information contained in the records.

**RESPONSE:**

17.     Admit that the attached medical records for Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers due to his May 11, 2015 injuries were prepared by a person whose duty it was to prepare such records as part of the care and treatment of the plaintiff.

**RESPONSE:**

18.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers due to her May 11, 2015 injuries were kept in the course of its regularly conducted business as a medical provider/physician's office.

**RESPONSE:**

19.     Admit that it was the regular business practice of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services to prepare such records regarding the patients, including the Plaintiff Pamela D. Jowers.

**RESPONSE:**

20.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers are not hearsay.

**RESPONSE:**

21.     Admit that these records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services constitute "Records of Regularly Conducted Activity" under the rules of evidence.

**RESPONSE:**

22.     Admit that the attached medical records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services for its care and treatment of the Plaintiff Pamela D. Jowers are admissible in evidence

**RESPONSE:**

23.     Admit that the attached billing records of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services was reasonable and necessary for the treatment of the Plaintiff Pamela D. Jowers for injuries sustained on May 11, 2015.

**RESPONSE:**

24.     That the attached billing record of Trinity Medical Center (Main, ER Physicians, Radiology), Kirkland Clinic, Drayer Physical Therapy, Affinity Orthopedic Services, and Alabama Orthopedic Spine and Services is admissible.

(Note: Ala. R. Civ. Proc. 36(a) provides "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. )

/s/ROSEMARY N. ALEXANDER
**ROSEMARY N. ALEXANDER (ALE044)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

**SERVE FOREGOING DISCOVERY WITH COMPLAINT**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| PAMELA D. JOWERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     CV- |
| | ) |
| ELLEN D. ANDERSON., et. al. | ) |
| | ) |
| | ) |
| Defendants. | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
TO DEFENDANT, ROBERT C. ANDERSON**

COMES NOW Plaintiff in the above-styled cause and asks that Defendant, Robert C. Anderson, respond to the following requests for production within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff asks that Defendant attach a copy of each and every document referred to in any of the requests for production or in Defendant's response thereto or that Defendant states the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

NOTE A:  These requests for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

**REQUESTS FOR PRODUCTION**

1.    Produce copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the automobile involved in said occurrence.

**RESPONSE:**

2.    Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

**RESPONSE:**

3.    Produce a list of any and all lawsuits (past or present) against this Defendant claiming injury, death or damage due to an automobile accident.  This should include the civil action number

DOCUMENT 2

of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE:**

4.    Produce a list of all witnesses to be called at the trial of this case.

**RESPONSE:**

5.    Produce a list of all exhibits to be used at the trial of this case.

**RESPONSE:**

6.    Produce a list of all expert witnesses to be called at the trial of this case.

**RESPONSE:**

7.    Produce copies of any and all résumés or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case.

**RESPONSE:**

8.    Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff or any member of Plaintiff's family at any time.

**RESPONSE:**

9.    Produce a copy of any and all statements, whether recorded or written, taken of any witness and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**RESPONSE:**

10.   Produce copies of medical records and bills incurred by you in the incident made the basis of this lawsuit.

**RESPONSE:**

11.   Produce a copy of your driving history, including, but not limited to, each and every citation you have received for the last ten (10) years.

**RESPONSE:**

12.   Produce a copy of your insurance policy(s) for coverage on your motor vehicle at the time of the occurrence made the basis of this lawsuit, including the limits of liability.

**RESPONSE:**

13.     Produce a copy of each and every accident report filled out where you have been involved in an automobile accident for the last ten (10) years.

**RESPONSE:**

14.     Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other reproductions of any kind in the possession of the defendants of any person, scene, or vehicle relating to the occurrence made the basis of this lawsuit.

**RESPONSE:**


                              /s/ROSEMARY N. ALEXANDER
                              **ROSEMARY N. ALEXANDER (ALE044)**


**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile


**SERVE FOREGOING DISCOVERY WITH COMPLAINT**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

PAMELA D. JOWERS               )
                                     )
      Plaintiff,            )
                                     )
vs.                            )     CV-
                                     )
ELLEN D. ANDERSON., et. al.      )
                                     )
                                     )
Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT, ROBERT C. ANDERSON

     **COMES NOW**, Plaintiff in the above-styled cause, and hereby propound the following interrogatories to Defendant, Robert C. Anderson. Said Interrogatories are to be answered separately and severally in the manner and form provided for by law by each and every Defendant, their officers, attorneys, agents, contractors, and employees having any information or Documents which are available to Defendant and which may assist Defendant in answering these Interrogatories. Said Interrogatories are to be answered separately and severally in the manner and form provided by law and Pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure.

     Answers to said Interrogatories shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplemental answers if further or different information or Documents relative thereto become known before trial.

     1.    Is Defendant(s) name correctly stated in the Complaint on file in this cause? If not, please state the correct way that this Defendant should be designated as a party in an action of law at the time of the occurrence made the basis of this suit and at the time that these interrogatories are answered.

**RESPONSE:**

     2.    Describe completely and in detail the vehicle driven on the occurrence made the basis of this lawsuit, including the dimensions and weight of the vehicle, and whether or not the vehicle was considered "over-sized".

**RESPONSE:**

     3.    State the full name and present address of the owner of said motor vehicle driven by Ellen D. Anderson on the date of the occurrence made the basis of this lawsuit.

**RESPONSE:**

     4.    State the full name and present address of the driver of the said motor vehicle involved in the occurrence on the occasion made the basis of this lawsuit.

**RESPONSE:**

     5.    If the owner of said vehicle involved in the occurrence made the basis of this lawsuit was not the driver, explain fully and in detail the presence of the driver of said vehicle.

**RESPONSE:**

     6.    State fully the purpose of the trip being made by Ellen D. Anderson on the occasion made the basis of this lawsuit.

**RESPONSE:**

     7.    From what point had the driver, Ellen D. Anderson, last departed immediately prior to the occasion made the basis of this lawsuit.

**RESPONSE:**

     8.    What was the destination of the driver, Ellen D. Anderson at the time of the occurrence made the basis of this lawsuit.

**RESPONSE:**

     9.    Was the driver, Ellen D. Anderson, performing a mission, errand or duty for anybody whatsoever on the occasion made the basis of this lawsuit?  If so, state the nature of the mission, errand or duty and give the name and address for the person, firm, corporation, or other entity for whom, said mission, errand or duty was being performed.

**RESPONSE:**

     10.    Please state if the vehicle involved in the occurrence made the basis of this lawsuit was damaged in any way.  If your answer to this interrogatory is in the affirmative, please state what damage the vehicle sustained and the costs of any repairs.  Please attach copies of any and all repair invoices or work order for said vehicle.

**RESPONSE:**

     11.    State the speed of the vehicle at the time of the occurrence made the basis of this lawsuit and for the 500 feet preceding the occurrence made the basis of this lawsuit.

**RESPONSE:**

12.    State whether any of the occupants of the vehicle involved in the occurrence made the basis of this lawsuit were intoxicated or drinking intoxicating beverages at the time of said occurrence.

**RESPONSE:**

13.    Do the Defendants have in their possession any statements, oral, written or recorded, which in any way relates to the incident made the basis of this lawsuit?  If your answer is in the affirmative, please attach a copy of any and all such statements to your responses to these interrogatories.

**RESPONSE:**

14.    Do the Defendants have in their possession any photographs or videotapes related in any way to the occurrence made the basis of this lawsuit, including but not limited to photographs of the Defendant's vehicle in its wrecked condition?  If your answer is in the affirmative, please attach color copies of all such photographs to your responses to these interrogatories.

**RESPONSE:**

15.    State whether any emergency lights or other signals were given as a warning by the operator of any of the vehicles involved in the occurrence on the occasion made the basis of this lawsuit prior to said occurrence.

**RESPONSE:**

16.    State if there were any cellular phones, beepers and/or pagers, car phones, mobile phones, two-way radios, CB radios, etc., or other communicative devices in the Defendant's vehicle at the time of, or immediately prior to, the occurrence made the basis of this lawsuit.  If the answer is yes, please answer the following:

a.    Was said communicative device being operated at the time of the occurrence made the basis of this lawsuit?

b.    Who provides service for said communicative device, i.e., who is the carrier of said service?  Please list the correct name, address and account number of said service.

c.    Please produce the billing statement for the month of the occurrence made the basis of this lawsuit, including but not limited to, any and all itemization of calls, transactions, etc.

**RESPONSE:**

17.     State whether there were any other vehicles at or near the scene of the occurrence made the basis of this lawsuit at the time of or immediately prior to said occurrence.

**RESPONSE:**

18.     Do you contend that some mechanical failure or defect in your vehicle or the road or any other thing played a part in causing said incident to occur?  If your answer is in the affirmative, then describe:

      a.     the thing that failed and how it failed, and/or describe the defect and in your description state how it contributed to causing the occurrence made the basis of this lawsuit.

      b.     how and in what manner any such failure or defect contributed to causing the occurrence made the basis of this lawsuit.

      c.     The names and addresses of each and every witness who has knowledge of any facts upon which this contention is based.

      d.     The facts and evidence upon which this contention is based.

**RESPONSE:**

19.     State whether at the time of the occurrence made the basis of this lawsuit there was in effect one or more policies of insurance by which the vehicle you were operating or which you owned was insured in any manner regarding any claims resulting from said occurrence.  If your answer is in the affirmative, then please state the full name and present address of the issuing company, the policy number, the named insured, and the limits of liability coverage.

**RESPONSE:**

20.     Please state whether you contend any person, firm, corporation, partnership or other entity, including the defendants, contributed to cause the occurrence made the basis of this lawsuit.  If your answer is in the affirmative, please state with specificity which person, firm, corporation, partnership or other entity you claim contributed to cause the occurrence made the basis of this lawsuit, and specifically, what said person, firm, corporation, partnership or other entity did to contribute to cause the occurrence made the basis of this lawsuit.

**RESPONSE:**

21.     Please state the names and addresses of the witnesses you intend to call at the trial of this cause.

**RESPONSE:**

22.     Please state the name and address of each and every expert witness who will testify

on your behalf in the trial of this case.  Please attach a copy of said expert's Curriculum Vitae and\or resume.

**RESPONSE:**

23.    Please state with specificity what exhibits upon which you intend to rely at the trial of this cause.

**RESPONSE:**

24.    Have you read and understood each question in the foregoing interrogatories?  If your answer is no, please state which Interrogatory you did not read and\or understand and why.

**RESPONSE:**

25.    Do you understand that these interrogatories are answered under oath and may be used at the trial of this cause of action?

**RESPONSE:**


/s/ Rosemary N. Alexander
**ROSEMARY N. ALEXANDER (ALE044)**


**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile


**PLEASE SERVE THE FOREGOING DISCOVERY WITH COMPLAINT**

DOCUMENT 8



ELECTRONICALLY FILED
5/12/2017 2:16 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

PAMELA D. JOWERS,                         )
                                          )
     Plaintiff,                          )
                                          )
VS.                                       )     CIVIL ACTION NO:  CV-2017-901647
                                          )     BBG
ELLEN D. ANDERSON, AN                     )
INDIVIDUAL; ROBERT C. ANDERSON,           )
AN INDIVIDUAL; AND STATE FARM             )
MUTUAL AUTOMOBILE INSURANCE, A            )
CORPORATION,                              )
                                          )
     Defendants.                         )

### A N S W E R

Defendant, State Farm Mutual Automobile Insurance Company, answers the Complaint as follows:

1.      The Defendant admits that a policy of insurance was in force and effect which provided uninsured/underinsured motorist coverage to the Plaintiff.

2.      The Defendant denies each and every other material allegation of the Complaint and demands strict proof thereof.

3.      The Defendant denies that it negligently and/or wantonly caused the injuries of the Plaintiff on the occasion complained of.

4.      The Defendant denies that it owes the Plaintiff uninsured or underinsured motorist benefits.

5.      The Defendant denies that the Plaintiff is entitled to recover punitive damages.

6.      The Defendant avers that the awarding of punitive damages to the Plaintiff would violate the constitution of the State of Alabama and the constitution of the United States.

7.      The Defendant pleads not guilty.

8.      The Defendant avers that any stacking of insurance policies by the Plaintiff against this Defendant is limited by Code of Alabama §32-7-23(c)(1975 as amended).

9.      The Defendant reserves its right to sever the underinsured claim from the Plaintiff's cause of action against the primary tortfeasor.

10.    The Defendant denies that the Co-Defendants, Ellen Anderson And Robert Anderson, were without sufficient liability coverage to adequately compensate the Plaintiff.

11.    The Defendant contests the existence and extent of the Plaintiff's injuries and damages.

12.    The Defendant pleads a right of set-off of any amounts paid by a third party, by settlement or judgment, as compensation for the injuries/damages claimed in this action.

13.    The Plaintiff's contributory negligence proximately caused the injuries complained of.

14.    The Defendant reserves the right to amend this Answer with additional defenses prior to trial.

*s/J. Tyler Holt*
J. Tyler Holt
Attorney for Defendant
Attorney Code:  HOL137
tyler.holt.rvjd@statefarm.com
Direct Line:  205-877-9372

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Wade S. Anderson & Associates
600 Luckie Drive
Suite 400
Birmingham, AL 35223
(205) 879-7243

Staff and Attorneys are employees
of the Law Department of
State Farm Mutual Automobile
Insurance Company

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have this 12th day of May, 2017, electronically filed and/or mailed a copy of the foregoing to the following:

Rosemary N. Alexander, Esq.
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL 35222


                          *s/J. Tyler Holt*
                          J. Tyler Holt

DOCUMENT 10



ELECTRONICALLY FILED
5/12/2017 2:22 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |
|---|---|
| PAMELA D. JOWERS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | )     **CIVIL ACTION NO: CV-2017-901647** |
| | )     **BBG** |
| ELLEN D. ANDERSON, AN | ) |
| INDIVIDUAL; ROBERT C. ANDERSON, | ) |
| AN INDIVIDUAL; AND STATE FARM | ) |
| MUTUAL AUTOMOBILE INSURANCE, A | ) |
| CORPORATION, | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk
        Circuit Court of Jefferson County
        716 N. Richard Arrington Blvd.
        Birmingham, AL 35203

        Please take notice that the following discovery documents have been filed on behalf of the Defendant, State Farm Mutual Automobile Insurance Company:

     (X)    Interrogatories
     (  )    Answers to Interrogatories
     (  )    Answers to Supplemental Interrogatories
     (X)    Requests for Production of Documents
     (  )    Response to Requests for Production of Documents
     (  )    Requests for Admissions
     (  )    Response to Requests for Admissions
     (  )    Notice of Intent to Serve Subpoenas
     (  )    Notice of Deposition for _____.

Dated this 12th day of May, 2017.

                                    *s/J. Tyler Holt*
                                    J. Tyler Holt
                                    Attorney for Defendant
                                    Attorney Code: HOL137
                                    tyler.holt.rvjd@statefarm.com
                                    Direct Line: 205-877-9372

Wade S. Anderson & Associates
600 Luckie Drive
Suite 400
Birmingham, AL 35223
(205) 879-7243

Staff and Attorneys are employees
of the Law Department of
State Farm Mutual Automobile
Insurance Company

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 12th day of May, 2017, electronically filed and/or mailed a copy of the foregoing to the following:

Rosemary N. Alexander, Esq.
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL 35222

                                     *s/J. Tyler Holt*
                                     J. Tyler Holt

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| PAMELA D. JOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   CIVIL ACTION NO:  CV-2017-901647 |
| | )   BBG |
| ELLEN D. ANDERSON, AN | ) |
| INDIVIDUAL; ROBERT C. ANDERSON, | ) |
| AN INDIVIDUAL; AND STATE FARM | ) |
| MUTUAL AUTOMOBILE INSURANCE, A | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## INTERROGATORIES TO THE PLAINTIFF

Defendant, State Farm Mutual Automobile Insurance Company, in the above styled cause, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds to the Plaintiff, Pamela D. Jowers, the following Interrogatories:

(a)     Continuing Interrogatories.

You are advised that these Interrogatories are continuing Interrogatories and that should any information come to your attention after the filing of your answers to these Interrogatories such answers should be promptly amended to reflect such additional information.

(b)     "Contention" Interrogatories.

When "facts" to support your contentions are requested consider this as also a request to name the source of such facts including the name and address of any witness who will testify to such facts or the identification of any documents which will serve as proof of such facts.

(c)     Information within Knowledge of your Attorney.

Where information is requested which is not within your personal knowledge, but is within the knowledge of your attorney or agent, you should answer the Interrogatory fully but may state that such answer is not within your personal knowledge.  The purpose of these Interrogatories is to discover all facts, contentions, witnesses and documents known to either you or your attorney and should be answered in that spirit.

(d)     These Interrogatories are submitted under Rule 33 (d) Alabama Rules of Civil Procedure with sufficient space provided following each question for your answer.  You are requested to make your answers in the space provided. If this space is inadequate additional pages may be used with a reference in the space to the additional page.

1.     State your full legal name, as well as any names you have ever been known by, whether legal names or nicknames, age, date of birth, social security number, driver's license number and issuing state, residence address and name of your spouse.

2.    If you have ever been represented by me or any lawyer at Wade S. Anderson and Associates, formerly known as Joe C. Carroll and Associates, or any other State Farm Claims Litigation office, please furnish the following information:

    a.    What attorney represented you?

    b.    What Claim Litigation Office employed the attorney?

    c.    Give the dates of the representation to the best of your ability, as well as the name of other parties to the lawsuit, the name of the Court involved (including city and state), and any identifying numbers you may have available to you.

    d.    Give the policy number of your State Farm policy that provided coverage for the lawsuit or legal matter involved.

    e.    Furnish any other information about the representation that you have available to you.

3.    State the name, address and telephone number of each and every person (including yourself) who, to your knowledge, information or belief has some knowledge, or purports to have knowledge, regarding any matter which is relevant to the subject matter involved in this action.

4.    State how the accident occurred, including any facts which support your contention of the defendant's fault in causing the accident and describe chronologically the events that occurred leading up to the accident.

5.    Please state where you had been prior to the accident and what was your anticipated destination?

6.    Please describe any and all injuries which you claim you sustained in the accident which is the subject of this lawsuit.

7.    State the names and addresses of all hospitals, doctors, healthcare clinics, chiropractors, physical therapists, pharmacies, or other medical or health care providers who have examined or treated you for said injuries.

8.    Have you ever had symptoms of pain or discomfort in the same areas of your body as you contend were injured in this accident? If so, state the name of the physician who treated you for said condition, date of treatment and diagnosis.

9.    State the name and addresses of all hospitals, doctors, healthcare clinics, chiropractors, ophthalmologists, optometrists, pharmacies, or other healing arts specialist who have examined or treated you in the past 10 years.

10.     List all moving violations for which you have been cited in the past 10 years.

11.     State if you have ever had a driver's license suspension or revocation for any reason and list the date(s), location(s) and reason(s) for each suspension or revocation.

12.     State in detail the type and quantity of intoxicating beverages, if any, you had consumed and the name and quantity of drugs or medications, if any, you had taken during the twenty-four hour period immediately preceding the accident made the basis of this lawsuit.

13.     While you were occupying the vehicle involved in the collision, were you talking, texting or performing any other function on your cell phone or any other electronic device at the time of the collision made the basis of this lawsuit?

14.     Please provide the telephone number, provider and the name on the account responsible for payment of the cellular telephone, if any, in your possession at the time of the accident made the basis of Plaintiff's Complaint.

15.     Please list any and all social media accounts, sites or any other information that you have an account or access to, including but not limited to any information on Facebook, Twitter, Google+, MySpace, Instagram, Pinterest, Flickr, YouTube, LinkedIn or any other blogs or other social media websites that you currently use or have used in the five years prior to the subject collision, including on the date of the subject collision.

16.     Have you sustained personal injuries before or after the accident made the basis of this suit? If so, then give full details.

17.     Please list the case name, case number, jurisdiction and the nature (civil or criminal) of any and all lawsuits in which you were either a plaintiff or a defendant.

18.     Have you ever been convicted, entered *nolo contendere*, or pled guilty *to* any crime? If so, state full details for each such crime, including the crime of which you were convicted, the date and Court of such conviction.

19.     Are you making a lost wage claim due to injuries sustained in this accident? If so, state the name of your employer, job duties, time you missed and the amount of income claimed

to have been lost.  If you claim your injuries prevented you from getting employment, furnish full details.

20.    State whether there has been a judicial inquiry (for example, a hearing on traffic and/or criminal charges, a commitment hearing, inquest, or previous trial) concerning or involving the incident giving rise to this litigation.  If so, please describe each such proceeding, including:

    a.    The date(s), place(s), and name(s) of persons present;

    b.    Nature of the hearing, style and case number;

    c.    The names of the attorneys representing the parties in those proceedings.

21.    State whether you were an insured under any policy(ies) of uninsured/underinsured motorist coverage on the date of the automobile accident made the basis of this suit and:

    a.    Whether the vehicle you were operating at the time of the accident had any uninsured/underinsured motorist coverage and, if so, the name of the insured, the make, model and year of covered vehicle and the policy limits of each UIM policy.

    b.    Whether you were considered an "insured" under any *other* policy(ies) of uninsured/underinsured motorist coverage and , if so, the name of the insurer and the policy limits of each UIM policy.

22.    Please state whether you have knowledge of insurance coverage provided to the owner or operator of any uninsured/underinsured motor vehicle involved in the accident.  If so, please identify:

    a.    The named insured(s);

    b.    The issuing insurance company(s);

    c.    The policy and claim number(s);

    d.    The limits of insurance coverage(s);

    f.    Whether coverage has been denied or reserved.

23.    State whether any insurance company or any person, firm or corporation other than yourself or your spouse paid all or any portion of any expenses for medicine, physicians, dentists, nurses, hospitals, wages, or other related care or treatment which you received as a result of the injuries allegedly suffered by you in the accident made the basis of this suit.  If so, then state the name of the persons, firm or corporation paying such item of expense, and the total amount of the expenses so paid.

24.    Please itemize all:

    a.    Special damages that you claim;

    b.    Physical and mental injuries you allege you received in the accident.

25.　Have you given a release and/or accepted a settlement from any individual or insurer in connection with this accident?  If so, please state:

   a. The person or insurance company.

   b. The date and amount of the settlement.

   c. The limits of coverage available.

   d. The date and method of the consent of State Farm to this settlement and/or release, including the name of the State Farm representative providing that consent.

26.　Please state whether you are claiming uninsured or underinsured motorist's benefits.

   a. If you are claiming underinsured motorist's benefits, please indicate the policy limits of the tortfeasor and the name of the company providing liability coverage.

   b. If you are claiming uninsured motorist's benefits, please indicate completely what efforts you have made to determine the insured status of the alleged tortfeasor.

27.　State the name, address, educational background and qualifications of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which each expert is expected to testify.

28.　State the substance of the facts and opinions to which each expert is expected to testify and set forth a summary of the grounds of each opinion held by each expert.

29.　Do you understand that you are making these answers under oath, and are stating they are true and correct, and that they may be used at trial?

30.　Do you understand that these Interrogatory answers require timely supplementation upon the discovery of additional information pertinent to the answer to these Interrogatories?

*s/J. Tyler Holt*
_____
J. Tyler Holt
Attorney for Defendant
Attorney Code:  HOL137
tyler.holt.rvjd@statefarm.com
Direct Line:  205-877-9372

Wade S. Anderson & Associates
600 Luckie Drive
Suite 400
Birmingham, AL 35223
(205) 879-7243

Staff and Attorneys are employees
of the Law Department of
State Farm Mutual Automobile
Insurance Company

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have this 12th day of May, 2017, electronically filed and/or mailed a copy of the foregoing to the following:

Rosemary N. Alexander, Esq.
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL 35222

*s/J. Tyler Holt*
J. Tyler Holt

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| PAMELA D. JOWERS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | ) |
| | ) |
| ELLEN D. ANDERSON, AN | ) |
| INDIVIDUAL; ROBERT C. ANDERSON, | ) |
| AN INDIVIDUAL; AND STATE FARM | ) |
| MUTUAL AUTOMOBILE INSURANCE, A | ) |
| CORPORATION, | ) |
| | ) |
| **Defendants.** | ) |

CIVIL ACTION NO:  CV-2017-901647
BBG

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, State Farm Mutual Automobile Insurance Company, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, requests that the Plaintiff, Pamela D. Jowers, produce the following within 30 days.

1.     Income tax returns for the year of the accident and the two years preceding the year of the accident, and any returns completed subsequent to the accident.

2.     Itemized statement of all expenses incurred on account of your alleged injuries for doctors, hospitals, nurses, appliances, medicines and property damage.

3.     All documents evidencing claims made and paid on your behalf by any third party for payment of any and all damages claimed by you.

4.     Copies of any and all medical reports, hospital records, pharmacy records, or doctor's records reflecting any treatment received by the Plaintiff.

5.     Color copies of any photographs or motion pictures of the persons, places or things involved in the accident made the basis of this lawsuit, including the scene of the accident, and any of the vehicles involved in the accident.

6.     A copy of your driver's license, front and back.

7.     A copy of your health insurance, Medicare, and/or Medicaid cards.

8.     A copy of your driving history, including, but not limited to, each and every citation you have received for the last five (5) years.

9.     A list by name and address of all persons who are over the age of 19 years and

who reside in Jefferson County, Alabama that are related to you by blood or marriage.

     10.     All reports of expert witnesses.

     11.     All statements taken from any party involved in this case.

     12.     Copies of any and all documents in any form which refer to, relate to or reflect any costs or expenses incurred by the Plaintiff in connection with the alleged injuries of the Plaintiff.

     13.     All documents of any kind relating to payment of all or any part of the damages claimed in this lawsuit, whether such payments were made or are to be made by a collateral source or otherwise.

     14.     All exhibits which will be offered by the Plaintiff at the trial of this case.

*s/J. Tyler Holt*
J. Tyler Holt
Attorney for Defendant
Attorney Code:  HOL137
tyler.holt.rvjd@statefarm.com
Direct Line:  205-877-9372

Wade S. Anderson & Associates
600 Luckie Drive
Suite 400
Birmingham, AL 35223
(205) 879-7243

Staff and Attorneys are employees
of the Law Department of
State Farm Mutual Automobile
Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of May, 2017, electronically filed and/or mailed a copy of the foregoing to the following:

Rosemary N. Alexander, Esq.
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL 35222

*s/J. Tyler Holt*
J. Tyler Holt

DOCUMENT 13



ELECTRONICALLY FILED
5/12/2017 2:34 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

PAMELA D. JOWERS,                              )
                                               )
   Plaintiff,                   )
                                               )
VS.                                            )  **CIVIL ACTION NO:  CV-2017-901647**
                                               )  **BBG**
ELLEN D. ANDERSON, AN                          )
INDIVIDUAL; ROBERT C. ANDERSON,                )
AN INDIVIDUAL; AND STATE FARM                  )
MUTUAL AUTOMOBILE INSURANCE, A                 )
CORPORATION,                                   )
                                               )
   Defendants.                   )

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO 45 C.F.R. §164.512(e)

COMES NOW the Defendant, and requests that this Honorable Court enter, pursuant to 45 C.F.R. §164.512(e), a Protective Order, allowing the Defendant, to obtain information from the Plaintiff's health care providers and health care plans. In support of this Motion, the Defendant states as follows:

  1.   **The Defendant's requested Protective Order is attached to this Motion. This Order may differ from other Orders entered by this Court in other cases.**

  2.   The requested Order includes exceptions [Sub-paragraphs (a) through (c)] to limitations on the use, dissemination, retention and destruction of the Plaintiff's Protected Health Information, and the final paragraph explicitly acknowledges the parties' obligations under the proposed Order may be superseded by other considerations and requirements.

  3.   In all other regards, the Defendant's requested Order does not differ from HIPAA Protective Orders typically and customarily entered by Courts in Alabama.

  4.   The Plaintiff's physical condition and her medical expenses are at issue in this litigation. In her Complaint, the Plaintiff has alleged to have sustained personal injuries and incurred medical treatment and costs as a result of the Defendant's conduct.

  5.   The Defendant is entitled to issue subpoenas to the Plaintiff's health care providers and health care plans requesting information and documentation regarding the Plaintiff's medical records and charges for medical treatment.

  6.   The Defendant anticipates that the Plaintiff's health care providers and health care plans consider the privacy requirements set forth at 45 C.F.R. §164.512(e) to apply, and that they are prohibited from disclosing information regarding the Plaintiff, absent a

Qualified Protective Order pursuant to 45 C.F.R. §164.512(e).

     7.     The Defendant asserts that should this Honorable Court enter the attached Protective Order, any information the Defendant receives from the Plaintiff's health care providers and/or health care plans will exclusively be used and disclosed only for the purpose of this litigation, only subject to the exceptions as described in the proposed Order. As well, if requested by the Plaintiff, these documents will either be returned or destroyed at the end of this litigation, only subject to the exceptions described in the proposed Order.

     WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Honorable Court enter the proposed Protective Order, pursuant to 45 C.F.R. §164.512(e), authorizing the Plaintiff's health care providers and health care plans to disclose protected health information to the parties for the purposes of this litigation only, only subject to the exceptions described.

Respectfully submitted,


*s/J. Tyler Holt*
_____
J. Tyler Holt
Attorney for Defendant
Attorney Code: HOL137
tyler.holt.rvjd@statefarm.com
Direct Line: 205-877-9372

Wade S. Anderson & Associates
600 Luckie Drive
Suite 400
Birmingham, AL 35223
(205) 879-7243

Staff and Attorneys are employees
of the Law Department of
State Farm Mutual Automobile
Insurance Company

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have this 12th day of May, 2017, electronically filed and/or mailed a copy of the foregoing to the following:

Rosemary N. Alexander, Esq.
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL 35222


                                        *s/J. Tyler Holt*
                                        J. Tyler Holt

DOCUMENT 18

ELECTRONICALLY FILED
5/16/2017 2:30 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

PAMELA D. JOWERS,         )
Plaintiff,             )
                      )
V.                   )  Case No.:    CV-2017-901647.00
                      )
ELLEN D. ANDERSON,      )
ROBERT C. ANDERSON,     )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY,        )
Defendants.           )

### HIPAA ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other

person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 16th day of May, 2017.**

/s/ BRENDETTE BROWN GREEN
**CIRCUIT JUDGE**

DOCUMENT 26

ELECTRONICALLY FILED
5/25/2017 11:29 AM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| PAMELA D. JOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| ELLEN D. ANDERSON, AN | ) |
| INDIVIDUAL; ROBERT C. ANDERSON, | ) |
| AN INDIVIDUAL; AND STATE FARM | ) |
| MUTUAL AUTOMOBILE INSURANCE, A | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**CIVIL ACTION NO: CV-2017-901647 BBG**

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk
       Circuit Court of Jefferson County
       716 N. Richard Arrington Blvd.
       Birmingham, AL 35203

Please take notice that the following discovery documents have been filed on behalf of the Defendant, State Farm Mutual Automobile Insurance Company:

( )    Interrogatories
( )    Answers to Interrogatories
( )    Answers to Supplemental Interrogatories
( )    Requests for Production of Documents
( )    Response to Requests for Production of Documents
( )    Requests for Admissions
(√ )   Response to Requests for Admissions
( )    Notice of Intent to Serve Subpoenas
( )    Notice of Deposition for _____.

Dated this 25th day of May, 2017.

                                        *s/J. Tyler Holt*
                                        _____
                                        J. Tyler Holt
                                        Attorney for Defendant
                                        Attorney Code: HOL137
                                        tyler.holt.rvjd@statefarm.com
                                        Direct Line: 205-877-9372

Wade S. Anderson & Associates
600 Luckie Drive
Suite 400
Birmingham, AL 35223
(205) 879-7243

Staff and Attorneys are employees
of the Law Department of
State Farm Mutual Automobile
Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have this 25th day of May, 2017, electronically filed and/or mailed a copy of the foregoing to the following:

Rosemary N. Alexander, Esq.
Shunnarah Injury Lawyers, PC
3626 Clairmont Avenue
Birmingham, AL 35222

*s/J. Tyler Holt*
J. Tyler Holt

DOCUMENT 28



ELECTRONICALLY FILED
6/9/2017 10:27 AM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

PAMELA D. JOWERS                          )
                                          )
    **Plaintiff,**                          )
                                          )
**vs.**                                   )          01-CV-2017-901647.00
                                          )
ELLEN D. ANDERSON., et. al.               )
                                          )
                                          )
    **Defendants.**                          )

---

### NOTICE OF DISCOVERY

---

    COMES NOW Plaintiff, in the above styled cause, by and through the undersigned counsel of record, and submits to this Honorable Court a Notice of Discovery to inform Defendants that the following document has been filed on behalf of Plaintiff:

(     )    Requests for Admission to Defendant
(     )    Interrogatories to Defendant
(  ·  )    Requests for Production of Documents to Defendant
(     )    Responses to Defendant's Requests for Admission
(  x  )    Plaintiff's Answers to Defendant State Farm's Interrogatories
(  x  )    Plaintiff's Responses to Defendant State Farm's Requests for Production of Documents
(     )    Notice of Intent to Serve Subpoena
(     )    Notice of Deposition
(     )    Other:

                      Respectfully Submitted,


                      */s/ Rosemary N. Alexander*
                      **ROSEMARY N. ALEXANDER (ALE044)**


**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

(205) 983-8118
(205) 983-8418- Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the forgoing has been electronically filed this, the 9th day of June, 2017 with the Clerk of Court using AlaFile system which will send notifications of such filing to the following

J. Tyler Holt
Wade S. Anderson & Associates
600 Luckie, Drive Suite 400
Birmingham, AL 35223

                                  /s/Rosemary N. Alexander
                                  OF COUNSEL
                                  ROSEMARY N. ALEXANDER

DOCUMENT 37



ELECTRONICALLY FILED
8/10/2017 3:46 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

PAMELA D. JOWERS                )
                               )
    Plaintiff,              )
                               )
vs.                            )    01-CV-2017-901647.00
                               )
ELLEN D. ANDERSON., et. al.     )
                               )
                               )
    Defendants.             )

### MOTION TO EXTEND SERVICE DEADLINE

**COMES NOW** the Plaintiff and hereby moves this honorable court to extend the deadline to serve Defendant Ellen Anderson in the above-referenced matter. In support of this motion, the Plaintiff states as follows:

1.  The Plaintiff filed her Complaint on April 24, 2017 involving injuries arising from a motor vehicle collision. The Plaintiff named Defendant Ellen Anderson and Defendant Robert Anderson.

2.  The Plaintiff initially elected to serve Defendant Ellen Anderson and Defendant Robert Anderson via process server Rod McClellan at 401 Amber Lane in Woodstock, GA (the address listed on the crash report). Mr. McClellan discovered Defendant Robert Anderson was deceased and the house had since been sold. Mr. McClellan found an address in Saint Simon Island that he believed to be Defendant Ellen Anderson's permanent address. Please see Mr. McClellan's affidavit attached in Exhibit A.

3.  On May 18, 2017, the Plaintiff filed an alias summons to serve Defendant Ellen Anderson via process server Sammy Tostensan in 220 Medinah, Saint Simon Island,

Georgia. Mr. Tostensan found the property to be a rental house possibly being rented by Defendant Ellen Anderson's brother and believed her permanent residence was in Lookout Mountain, Tennessee.

4. On May 22, 2017, the Plaintiff attempted to serve Defendant Ellen Anderson via certified mail at 220 Medinah, Saint Simon Island, Georgia. Please see Exhibit B as this letter returned as refused.

5. On June 23, 2017, the Plaintiff attempted to serve Defendant Ellen Anderson via certified mail at 1 Willingham Lane in Lookout Mountain, Tennessee. Please see Exhibit C for this letter returned unclaimed and unable to forward.

6. On June 29, 2017, the Plaintiff attempted to serve Defendant Ellen Anderson via process server Gene Lewis at 1 Willingham Lane in Lookout Mountain, Tennessee. Mr. Lewis attempted service five times. The current homeowner stated Defendant Ellen Anderson did not live at that address and believed she had moved to Georgia. Please see Mr. Lewis's affidavit attached in Exhibit D.

7. In July, the Plaintiff hired Birmingham process server Steve Herlily who determined Defendant Ellen Anderson was a student at Birmingham-Southern College. He confirmed with the registrar's office she was not on campus for the summer. Birmingham-Southern College starts their fall term on August 23, 2017.

8. The Plaintiff's 120 days to serve Defendant Ellen Anderson expire on August 22, 2017.

9. In August, the Plaintiff hired Birmingham process server Russell Payne who is actively working on locating Defendant Ellen Anderson.

10. The Plaintiff's counsel requested the last known address from the Defendant's carrier who refused to provide any information.

11. This case arises out of a motor vehicle collision on that occurred on May 11, 2017 and there would be prejudice against the Plaintiff if additional time to perfect service was denied. The Plaintiff believes Defendant Ellen Anderson will be returning to Birmingham in August for school and will be able to perfect service at that time.

WHEREFORE, PREMISES CONSIDERED, In light of the foregoing, Plaintiff respectfully moves this court for an order extending the time for service an additional one hundred twenty (120) days so that Plaintiff may achieve service on Defendant Ellen Anderson.

Respectfully submitted,

*/s/ Rosemary N. Alexander*
Rosemary N. Alexander (ALE044)


**OF COUNSEL:**
**SHUNNARAH INJURY LAWYERS**
2900 1ST Avenue South
Birmingham, AL 35233
(205) 983-8118
(205) 323-8417 fax
ralexander@asilpc.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the forgoing has been electronically filed this, the 10th day of August, 2017 with the Clerk of Court using AlaFile system which will send notifications of such filing to the following

J. Tyler Holt
Wade S. Anderson & Associates
600 Luckie, Drive Suite 400
Birmingham, AL 35223

Ellen Anderson
1 Willingham Lane
Lookout Mountain, TN

                            /s/Rosemary N. Alexander
                            OF COUNSEL
                            ROSEMARY N. ALEXANDER

DOCUMENT 38



ELECTRONICALLY FILED
8/10/2017 3:46 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT "A"

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF ALABAMA

PAMELA D. JOWERS,

    Plaintiff,

vs.

ELLEN D. ANDERSON, ET. AL.,

    Defendants.

Civil Action File No. 01-CV-2017-901647.00

### AFFIDAVIT OF DILIGENCE

    Personally appeared before the undersigned officer duly authorized by law to administer oaths, Rodney J. McClellan, who, after being duly sworn, deposes and states the following:

1.

    Affiant states that he/she is over 18 years of age, a citizen of the United States, and not related to the parties herein. Affiant also states that he/she is appointed in Jefferson County Circuit Court. The statements made are true and correct and are based upon my personal knowledge.

2.

    Affiant states that he made the following attempts to serve Ellen D. Anderson with a Summons, Circuit Court Civil Case Cover Sheet, Plaintiff's Complaint, Plaintiff's Request for Admissions to Defendant, Ellen D. Anderson, Plaintiff's First Request for Production to Defendant, Ellen D. Anderson, Plaintiffs First Interrogatories to Defendant, Ellen D. Anderson, Plaintiff's Request for Copies of All Materials Received Pursuant to Subpoena, Notice of Taking Deposition of Ellen D. Anderson, Notice of Taking Deposition of Robert C. Anderson, Plaintiff's Request for Admissions to Defendant, State Farm Mutual Automobile Insurance Company, Plaintiff's Request for Production to Defendant State Farm Mutual Automobile Insurance Company, Plaintiff's Interrogatories to Defendant, State Farm Mutual Automobile Insurance Company, Plaintiff's Request for Admissions to Defendant, Robert C. Anderson, Plaintiff's First Request for Production to Defendant, Robert C. Anderson, and Plaintiff's First Set of Interrogatories to Defendant, Robert C. Anderson, at 401 Amber Lane, Woodstock, GA 30188.

5/15/17 at 8:20 PM - Mr. Andre and his wife answered the door and informed me that they purchased this house in January of 2017. They both stated that Ellen now lives in St Simon Island, GA.

                      _Rod McClell_

                    Rodney J. McClellan - Affiant

Sworn to and subscribed to before me
this _16_ day of May, 2017

_Rachel Mize_

Notary Public



DOCUMENT 38

# EXHIBIT "B"



NEOPOST
05/22/2017
US POSTAGE  $008.55

FIRST-CLASS MAIL

ZIP 35233
041L11254813

Ms. Ellen Anderson
220 Medinah
Saint Simon Island, GA 31522

**Alexander Shunnarah**
PERSONAL INJURY ATTORNEYS

3626 Clairmont Avenue
Birmingham, Alabama 35222

Refuse
5/24/17
CA

Ø do not know this
person

NIXIE        326    CO 1
RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD

BC: 35222230826        2247*8146535-8843B

# EXHIBIT "C"



**Alexander Shunnarah**

PERSONAL INJURY ATTORNEYS

3626 Clairmont Avenue
Birmingham, Alabama 35222

RNA

VTF

Ellen Anderson
1 Willingham Lane
Lookout Mountain, TN 37350

NEOPOST
06/23/2017
US POSTAGE $008.34°

FIRST-CLASS MAIL

ZIP 35233
041L11254813

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

# EXHIBIT "D"

DOCUMENT 38

## AFFIDAVIT OF NON-SERVICE

| Case:<br>01-cv-2017-901647.00 | Court:<br>CIRCUIT | County:<br>JEFFERSON, AL | Job:<br>1514624 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>PAMELA D. JOWERS | | Defendant / Respondent:<br>ELLEN D. ANDERSON ET AL | |
| Received by:<br>GSL PROCESS | | For:<br>ALEXANDER SHUNNARAH | |
| To be served upon:<br>ELLEN D. ANDERSON | | | |

I, GENE LEWIS, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   ELLEN D. ANDERSON, Home: 1 WILLINGHAM LANE, LOOKOUT MOUNTAIN, TN 37350

Manner of Service:   Unsuccessful Attempt

Documents:   SUMMONS; NOTICE OF ELECTRONIC FILING; NOTICE TO FILER; COVER SHEET; COMPLAINT; (Received Jun 30, 2017 at 5:30pm EDT), AFFIDAVIT

Additional Comments:

1) Unsuccessful Attempt: Jul 5, 2017, 8:20 pm CDT at Home: 1 WILLINGHAM LANE, LOOKOUT MOUNTAIN, TN 37350

2) Unsuccessful Attempt: Jul 6, 2017, 3:12 pm CDT at Home: 1 WILLINGHAM LANE, LOOKOUT MOUNTAIN, TN 37350
NO ANSWER AT THE DOOR; LEFT CARD FOR RETURN CALL.

3) Unsuccessful Attempt: Jul 6, 2017, 9:23 pm CDT at Home: 1 WILLINGHAM LANE, LOOKOUT MOUNTAIN, TN 37350
NO ANSWER AT THE DOOR; LEFT CARD FOR RETURN CALL.

4) Unsuccessful Attempt: Jul 7, 2017, 2:42 pm CDT at Home: 1 WILLINGHAM LANE, LOOKOUT MOUNTAIN, TN 37350
Talk to the neighbors and said they was in Alaska with family.

5) Unsuccessful Attempt: Jul 10, 2017, 10:50 am CDT at Home: 1 WILLINGHAM LANE, LOOKOUT MOUNTAIN, TN 37350
Spoke to the home owner that says the defendant no longer lives at this address and that he bought the property from them a couple months ago and she has moved to Georgia somewhere.

GENE LEWIS            Date   7-11-17

GSL PROCESS
P.O. BOX 121
EVENSVILLE, TN. 37332
423-598-9201

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   7-11-17            Commission Expires   4-27-19

SHARON LEWIS
STATE OF TENNESSEE
NOTARY PUBLIC
RHEA COUNTY

DOCUMENT 47

ELECTRONICALLY FILED
8/16/2017 3:45 PM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** |
|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### PAMELA D. JOWERS V. ELLEN D. ANDERSON ET AL

**NOTICE TO:** ELLEN D. ANDERSON, 900 ARKADELPHIA ROAD, BIRMINGHAM, AL 35254

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ROSEMARY NATIONS ALEXANDER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVENUE SOUTH, BIRMINGHAM, AL 35222

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                            *[Name(s)]*

| 8/16/2017 8:23:46 AM | /s/ ANNE-MARIE ADAMS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____

*(Date)*

[X] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

Ellen Anderson                    in    Jefferson            County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on   8-16-2017

*(Date)*

Private Investigator

President RCP Investigations   RC Pyge

*(Type of Process Server)*        *(Server's Signature)*

1081 Eagle Valley Dr
Birmingham, AL 35045
*(Address of Server)*

Served through
William Newman          Russell Pyge
Sgt Campus Police    *(Server's Printed Name)*
Birmingham Southern

205-261-8471
*(Phone Number of Server)*

**01-CV-2017-901647.00**

PAMELA D. JOWERS V. ELLEN D. ANDERSON ET AL

| C001 - JOWERS PAMELA D. | v. | D001 - ELLEN D. ANDERSON |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

DOCUMENT 49



ELECTRONICALLY FILED
8/22/2017 10:38 AM
01-CV-2017-901647.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

JOWERS PAMELA D., )
Plaintiff, )
                              )
V.                            )     Case No.:      CV-2017-901647.00
                              )
ANDERSON ELLEN D., )
ANDERSON ROBERT C., )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
Defendants. )

### ORDER

Plaintiff's Motion  for Extension of time to serve Defendant Ellen Anderson is hereby

**GRANTED.**  Plaintiff shall have an additional **SIXTY (60) DAYS** within which to perfect

service on defendant, with return duly noted.

**DONE this 22nd day of August, 2017.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**